Pratt, J.
By the agreement between Barnes and the plaintiff to become jointly interested in the purchase of land, the cost of which was to be borne equally between them, they became partners in the undertaking, and their mutual rights and liabilities will be determined upon the principles of the partnership relation.
The court below was right, in overruling the objections founded upon the statute of frauds.
The corporation was organized, not for the purpose of disturbing the obligations of the partnership relation, but to conveniently carry them out. It was an instrumentality cr atcd to be the custodian of the property and interests of the associates. It has, for that purpose, a separate and distinct personality.
The property purchased by the money advanced by some of the members of • the partnership, has been vested in the corporation whose obligations have been created as security for the adances.
No full and complete settlement of the controversy can be had, except by the decree of the court binding the corporation. It was, therefore, error to dismiss the complaint as to the corporation.
As a matter of convenience, though perhaps not essential parties, the defendants, Post, Carpenter, Disosway and Guión, were jjroper parties to the action.
So long as they continue officers of the corporation, it may be necessary for the court to control their action by its orders; and their presence upon the record should be continued for that purpose.
We think the complaint was sufficiently broad to enable the plaintiffs to avail themselves of all the facts brought out upon the trial, and that the court should proceed in this action to settle all the rights of the parties.
Whether or not some of the causes of action are technical'.y vested in the corporation, we do not consider necessary to discuss. The corporation, and the parties beneficially interested, were properly before the cou.t, which will, upon the accounting, see that justice is done to all. As the con roi of the corporation is shown to be in the hands of parties hostile to its real owners, the reasons why the matters in dispute should be determined now, are so much the more apparent.
The parties aggrieved by Barnes’ retention of $12,500 of the money raised to purchase the Duncan property were his associates, and the questions arising from that transaction should be determined by this action. That item will be adjusted in the accounting that will be had, and such money as may be in his hands, not properly accounted for, will be a lien upon the shares of stock which come to him under the decree. If delivered to him before the accounting is had, the cc tificates should be so indorsed as to bear upon their face notice that they are subject to the result of the accounting.
We find no just- ground for the findings at special term, that all the associates are not equally liable for the moneys paid for the Barton property. That money, as well as the $183,000 secured by mortgage, was advanced for the benefit of the joint undertaking; all should contribute equally to the repayment of the sums advanced.
The 7,000 shares wrongfully issued, should be canceled.
While we do not regard the amendment of the complaint as essential, it can do no harm, and the plaintiff is permitted to make such amendment as he may be advised, to make the complaint conform to the facts proved It is clear that the interest of ail parties requires the controversy to be settled in this action.
In the main the order on reversal, as proposed by plaintiffs, is correct.
The provision proposed to sell the stock of parties in default, is not seen to .be necessary, and should be omitted.
The order should be settled on two days’ notice.